UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA PALMER,

    Plaintiff,

v.                                        Case No. 06-CV-13170-DT

FORD MOTOR COMPANY,

    Defendant.
                                                    /

**OPINION AND ORDER DIRECTING CLERK TO FILE DECEMBER 13, 2006 LETTER, INTERPRETING THE LETTER AS A MOTION FOR CLERK'S ENTRY OF DEFAULT, DENYING MOTION, AND EXTENDING THE TIME FOR SERVICE**

      Plaintiff Theresa Palmer initiated this action *pro se* on July 12, 2006 against Defendant Ford Motor Company.  On December 1, 2006, Plaintiff filed a request for a clerk's entry of default, which was denied because no return of service had been filed on the docket.  On December 13, 2006, the court received via facsimile a letter from Plaintiff.  It does not appear that this letter was filed with the clerk's office.  The court will therefore direct that the clerk of the court file the letter on the court's docket.  Having reviewed the letter, it is apparent that Plaintiff seeks an order of the court directing the clerk's office to enter a clerk's entry of default.  The court will deny this request, however, because Plaintiff has failed to provide sufficient evidence indicating that Defendant was properly served.

      In her December 13, 2006 letter, Plaintiff indicates that she mailed copies of the summons and complaint to Defendant at "the P & A (Person[n]el & Administration) where [she] worked" and "the American Rd address."  (12/13/06 Letter at 2.)  Plaintiff also attached copies of her "Request for Clerk's Entry of Default," Express Mail receipts

from the United States Post Office ("USPS"), and return receipts from the USPS, all of which confirm that Plaintiff mailed copies of summons and complaint to two addresses in Dearborn on or around July 25, 2006.  Defendant has not answered the complaint and, on the strength of this evidence, Plaintiff submits that she is entitled to a clerk's entry of default.

The court disagrees because the court is not convinced that Defendant has been validly served for two reasons.  First, service by mail is not an acceptable form of service under the Federal Rules of Civil Procedure, unless Defendant has expressly waived service pursuant to Rule 4(d), which it does not appear Defendant has done in this case.  While the federal rules provide that service may be effected consistent with the law of the state in which this court is located, Fed. R. Civ. P. 4(h)(1), absent circumstances not present here, Michigan law does not allow service upon a corporation by certified mail alone.  *See* Mich. Ct. R. 2.105(D)(2)&(4).  Thus, Plaintiff is not entitled to a clerk's entry of default because her manner of service was defective.

Moreover, it appears that Plaintiff has mailed the summons and complaint to the wrong address.  Under Rule 4, corporations can be served by delivering a copy of the summons and complaint to, among other people, the authorized agent. Fed. R. Civ. P. 4(h)(1); *see also* Mich. Ct. R. 2.105(D).  Michigan's Department of Labor and Economic Growth website indicates that the current resident agent for Ford Motor Company is the Corporation Company, located at 30600 Telegraph Road, Bingham Farms, Michigan 48025.  *See* http://www.dleg.state.mi.us/bcs_corp/sr_corp.asp, last visited 12/19/06. Plaintiff's paperwork indicates that on July 25, 2006, she mailed a copy of the summons and complaint to Ford Motor Company at One American Road in Dearborn, Michigan.

Although this was the former address of Defendant's resident agent, Peter J. Sherry, Jr., Defendant changed its resident agent to the Corporation Company on July 17, 2006, just one week prior to Plaintiff's attempt at service. *See id.* Thus, even if Plaintiff's manner of service had been correct, she served the summons and complaint on the wrong address.

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the court shall dismiss the action without prejudice as to that defendant. It is now well-past the 120 day deadline, and Plaintiff has not properly effected service on Defendant. Nonetheless, the court finds that Plaintiff has exhibited diligence in attempting to serve Defendant, especially given her *pro se* status. The court thus finds that Plaintiff has shown "good cause" to extend the time for serving Defendant in this case. *See* Fed. R. Civ. P. 4(m). Further, the court will allow Plaintiff to serve Defendant through an alternate method. As discussed above, technically, service by certified mail alone is not an acceptable form of service on a corporation. However, it has been this court's experience that large corporations, such as Ford Motor Company, routinely accept service by certified mail so long as the correct agent has been served. The court will therefore allow Plaintiff to serve Defendant by mailing, via registered or certified mail, a copy of the summons and complaint to Defendant's current resident agent. Accordingly,

IT IS ORDERED that the clerk of the court is DIRECTED to file Plaintiff's December 13, 2006 letter on the docket of this case. IT IS FURTHER ORDERED that the letter is INTERPRETED as a motion for a clerk's entry of default and DENIED.

IT IS FURTHER ORDERED that Plaintiff is granted an extension of time to serve Defendant through alternate means.  Specifically, by **January 17, 2007**, Plaintiff must serve Defendant with a copies of the summons, complaint, her December 13, 2006 letter, along with its attachments, and this order.  Service may be accomplished by mailing, via certified or registered mail, the documents to Defendant's current resident agent, the Corporation Company, located at 30600 Telegraph Road, Bingham Farms, Michigan 48025.  **If Plaintiff does not file a Return of Service by January 17, 2007, this case will be dismissed for lack of service and failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m) and Eastern District of Michigan Local Rule 41.2.**

Finally, Plaintiff is INSTRUCTED that, if she intends to continue in this action *pro se*, she is to familiarize herself with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan.  Future documents sent to the court must be filed with the clerk's office, with copies sent to Defendant.  Court documents should not be faxed *ex parte* to the court's chambers.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522