**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THERESA PALMER,

    Plaintiff,

v.                                                                           Case No. 06-CV-13170

FORD MOTOR CO.,

    Defendant.

                                                          /

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION**

On January 15, 2008, Magistrate Judge Mona Majzoub issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Ford Motor Co.'s motion for summary judgment. On January 24, 2008, Plaintiff Theresa Palmer, proceeding *pro se*, filed timely objections to the Magistrate Judge's Report and Recommendation ("R&R"). The court will deny Plaintiff's objections, adopt the R&R and grant Defendant's motion for summary judgment.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a Magistrate Judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

In the R&R, Magistrate Judge Majzoub concluded that Defendant was entitled to summary judgment because (1) the majority of Plaintiff's claims require proof, which Plaintiff did not submit, that Defendant's legitimate business reason for discharging Plaintiff was pretextual; (2) additionally, Plaintiff failed to submit sufficient proof that she was terminated for any disability or perceived disability and (3) any other claims were not included in Plaintiff's Charge of Discrimination and, in any event, are conclusory and

2

lack factual support.   Plaintiff presents five objections to the R&R, which the court will address and deny.[1]

First, Plaintiff "objects" to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted.  However, an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . .   [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").  Inasmuch as Plaintiff's first "objection" fails to identify a specific error in the R&R, the court will deny it.

In objections two and three, Plaintiff appears to object to the Magistrate Judge's conclusion that Defendant had articulated a legitimate business reason for Plaintiff's termination and that Plaintiff did not produce sufficient evidence to create a jury question that the reason was pretextual.  While Plaintiff quibbles with Defendant's supported facts, she nonetheless fails to produce any admissible evidence which would change the recommended outcome of this case.  The undisputed fact, as admitted by Plaintiff during her deposition, is that she knew she had been sent a five-day quit letter. (Pl.'s Dep. at 135-37.)  The letter was sent on April 19, 2005, and Plaintiff did not respond until after business hours on April 25, 2005.  (*See* Def.'s Ex. BB.)  In Plaintiff's

---

[1]The objections will not be analyzed chronologically, but rather grouped conceptually.

objections two and three, she argues, without sufficient evidentiary support, that the letter should not have been sent. She also argues, without sufficient evidentiary support, that she did not receive until too late a telephone call warning her that the letter's response time was about to expire. Nonetheless, she cannot dispute the material fact that once the letter was sent, she failed to timely and properly respond to it. Her objections, therefore, are denied.

Similarly, in her sixth objection, Plaintiff somehow takes issue with the Magistrate Judge's conclusion that Tom Gunderson was the sole decision-maker in her termination. (Pl.'s Obj. at 3.) Plaintiff's objection, however, does not appear to dispute this conclusion but to, presumably, imply that Mr. Gunderson did not treat her fairly. Once again, Plaintiff fails to support this allegation with admissible evidence. Nor is it clear how this allegation would impact the resolution of this case, which ultimately rests on the lack of evidence establishing pretext. The objection is denied.[2]

In Plaintiff's fourth and final objection, she objects to the Magistrate Judge's conclusion that "[t]here is no dispute that many former employees of Defendant were terminated for failure to respond to 5-day quit letters." (R&R at 5.) Plaintiff argues that this conclusion must be false, but provides no admissible evidence which contradicts Defendant's evidence that thirteen employees had been terminated for failing to respond to such letters. Plaintiff's mere speculation is simply insufficient, and the objection is denied.

---

[2]In her sixth objection, Plaintiff also presents argument related to damages. Inasmuch as the undisputed facts reveal that Defendant is entitled to judgment as a matter of law, Plaintiff's alleged damages are irrelevant.

After reviewing Plaintiff's objections, the court will adopt the Magistrate Judge's Report and Recommendation as the determination of the court. Plaintiff has failed to identify a factual issue requiring determination by the jury, and the facts presented to the court establish that Defendant is entitled to judgment as a matter of law.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 27] are DENIED and the Magistrate Judge's January 15, 2008 Report and Recommendation [Dkt. # 26] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Defendant's motion for summary judgment  [Dkt. # 22] is GRANTED.

A separate judgment will issue.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2008, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522